UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN BARRICK,

    Petitioner,

v.                                    Case No. 6:08-cv-835-Orl-31KRS

ATTORNEY GENERAL, STATE OF
 FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply (Doc. No. 13) and an amended reply (Doc. No. 15) to the response.

Petitioner alleges two claims for relief in his habeas petition: 1) the trial court erred by admitting hearsay statements ; and 2) the trial court erred by relying on impermissible factors when imposing his sentence.

I.      *Procedural History*

Petitioner was charged by amended information with aggravated assault (count one), sexual battery by use of great force (count two), aggravated battery (count three), and false imprisonment (count four). A jury trial was held, and the jury found as follows: as to count one, guilty as to the lesser included offense of assault; as to count two, not guilty; as to count three, guilty as charged; and as to count four, not guilty. The trial court adjudicated Petitioner guilty of assault and aggravated battery and sentenced him to imprisonment for a term of sixty days as to the assault count and for a term of fifteen years as to the aggravated battery count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.[1]

II.     *Legal Standards*

A.      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1]Petitioner's appellate counsel submitted an *Anders* brief. In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court established a procedure for appellate counsel when seeking permission to withdraw from the representation when he or she concluded that an appeal would be frivolous.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of

---

[2]In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

3

the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## III. Analysis

### A. Claim One

Petitioner avers that the trial court erred by admitting hearsay statements. In particular, Petitioner states that the trial court erred in admitting into evidence certain statements made by the deceased victim to her neighbor, to the 911 operator, to a treating paramedic, and to the treating nurse.[3]

Prior to trial, Petitioner filed a motion in limine to preclude the State from introducing statements made by the deceased victim, including her statements on the 911 tape, her statements to the paramedics and police officers at the scene and at the hospital, her taped statement made at the hospital to a law enforcement officer, and any other out-of-court statements or identifications made by her. The trial court determined as follows: the statements made to her neighbor were admissible; the statements to the 911 operator were admissible; the statements to the paramedic for the purpose of diagnosis or treatment were admissible; and the statements made to the nurse for purposes of diagnosis or treatment were admissible.

---

[3]The victim died prior to trial as a result of an automobile accident. Her death was unrelated to the underlying case herein.

This claim involves an evidentiary ruling made by the state trial court. "Federal habeas corpus relief based on evidentiary rulings will not be granted unless it goes to the fundamental fairness of the trial." *McCoy v. Newsome*, 953 F.2d 1252, 1265 (11th Cir. 1992); *see also Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("[w]e review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render `the entire trial fundamentally unfair.'"). The state trial error must have been "material in the sense of a crucial, critical, highly significant factor." *Tejada*, 941 F.2d at 1560 (quotation omitted) (citations omitted); *see also Griffin v. Lewis*, No. 94-17086, 1996 WL 65245, at *4 (9th Cir. February 14, 1996) (unpublished opinion) ("A state court's evidentiary ruling may justify federal habeas relief only if it in some way renders the state proceeding fundamentally unfair."); *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983) (generally, a federal court will not review a state trial judge's rulings with respect to the admissibility of evidence; an erroneous ruling alone does not warrant habeas corpus relief).

In the present case, Petitioner has not demonstrated that the state court's ruling with regard to this matter was erroneous[4] or that the ruling deprived him of a fundamentally fair trial. Thus, this claim must fail.

---

[4]In fact, in the *Anders* brief submitted by Petitioner's appellate counsel, it was acknowledged that the admitted statements fit within the statutory exceptions to the hearsay rule and within the definition of non-testimonial statements under the primary purpose rule. *Davis v. Washington*, 126 S. Ct. 2266, 2273 (2006) ("Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.").

B.  *Claim Two*

Petitioner argues that the trial court erred by relying on impermissible factors when imposing sentence.

This Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988), "*[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."), *cert. denied,* 434 U.S. 1020 (1978). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is `couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Because this claim is based exclusively on state law issues that are merely "couched in terms of equal protection and due process," it must be denied. *Willeford*, 538 F.2d at 1198.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by John Barrick is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 31st day of August, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sa 8/31
Counsel of Record
John Barrick

7